CHRISTINE F. WACHS, Defendant in Error, *vs.* CHESTER C. BROOMELL, Trustee, Plaintiff in Error.

*Opinion filed June 22, 1916.*

REGISTRATION OF TITLE—*mortgagee or trustee in deed of trust cannot object to registration of title.* Under section 9 of the act relating to the registration of titles, a mortgagee or a trustee in a deed of trust has no right to object to the registration of the mortgagor's title, provided the interest of the mortgagee or trustee is correctly set forth in the application; and the fact that the mortgagee or trustee may have to incur expense because of the registration proceeding furnishes no ground for objection, as he could have provided in the mortgage or deed of trust that the mortgagor should pay such expense.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

GEORGE W. BROWN, for plaintiff in error.

NEWMAN, POPPENHUSEN & STERN, (CHARLES T. FARSON, of counsel,) for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Christine F. Wachs, the defendant in error, filed her application in the circuit court of Cook county to register title to certain real estate in the city of Chicago pursuant to the provisions of the act concerning land titles. The application was in the usual form, and disclosed, among other

things, that the property was incumbered by a trust deed
to plaintiff in error, Chester C. Broomell, as trustee, to se-
cure a note for $2500. Broomell answered the application,
setting up the trust deed and alleging that he had been re-
quested by defendant in error to join in the application but
had refused; that it was not for the best interests of the
owner or holder of the note secured by the trust deed to
have the title registered; that the title is good and estab-
lished by record, and that the registration would injure the
value of the real estate and the security for the loan. The
court sustained exceptions to the answer and struck it from
the files. Broomell was thereupon defaulted. The applica-
tion was referred to the examiner of titles, who reported
recommending that a decree be entered in accordance with
the prayer of the application. A decree was entered ac-
cordingly, and this writ of error was sued out to review
the same.

The only substantial question presented for review is
whether a mortgagee or a trustee in a trust deed has the
right, under the act concerning land titles, to object to the
registration of the title if the interest of such mortgagee or
trustee in the property is correctly set out in the application.
The argument advanced by plaintiff in error might have
some force had the trust deed been executed prior to the
enactment of the act concerning land titles. In this case
the trust deed was executed long subsequent to the passage
of the act. The trust deed and the note which it was exe-
cuted to secure were both accepted by the trustee and the
creditor with full knowledge of the provisions of the act
concerning land titles and of the right of the owner to make
application to have the title registered.

By section 9 of the act it is provided that it shall not
be an objection to bringing land under the act that the
estate or interest of the applicant is subject to any out-
standing lesser estate, mortgage, lien or charge, but that

such estate, mortgage, lien or charge shall be noted upon the certificate of title and duplicate thereof, and the title or interest certified shall be subject only to such estates, mortgages, liens and charges as are so noted, except as in the act provided. By this section a trustee in a trust deed, or a mortgagee, is expressly prohibited from objecting to the registration on the ground that the estate or interest of the applicant is subject to such incumbrance. It is true that plaintiff in error, as trustee, was a necessary party to the application to register the title, as he was interested in having the lien of his trust deed correctly noted upon the certificate of title. Under the act that was the extent of his interest in the proceeding, and as no question is raised as to the correctness of the recital in the application in regard to the terms and conditions of the trust deed or to the findings of the decree in that respect, nothing is presented for our consideration.

Plaintiff in error complains that by being made a party to the application he is compelled to assume additional burdens in the employment of an attorney and in performing such other acts as devolved upon him to protect the interests of those whom he represented as trustee. A mortgagee or a trustee in a trust deed is liable at any time to be called upon to protect his interest in the real estate incumbered. If the trust deed or the mortgage so provides, the debtor can be required to re-pay all necessary expenses incurred by the mortgagee or trustee in protecting the interest of the creditor. If the creditor has not taken the precaution to make such provision in the trust deed or the mortgage then he must bear this expense himself.

The decree of the circuit court was proper and is affirmed.                          *Decree affirmed.*